**Wilbur MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–87–0099–CR.**

Court of Appeals of Texas,
Tyler.

Nov. 10, 1987.

R. Daryll Bennett, Longview, for appellant.

John Tunnell, Dist. Atty., Longview, for appellee.

COLLEY, Justice.

Wilbur Moore was convicted of aggravated robbery by a jury who assessed his punishment at life imprisonment.

In a single point of error Moore claims the evidence is insufficient to sustain his conviction of aggravated robbery as distinguished from robbery. We affirm the judgment.

The undisputed evidence reveals that on January 11, 1987, Tanda Jo Brown was the sole clerk at a convenience store located in Longview, Gregg County, Texas. In the early morning hours Moore entered the store alone, purchased a package of gum, paid for the item with a one dollar bill, and when Brown was in the process of returning Moore's change, he opened the jacket he was wearing revealing to Brown what she described as a "black round thing" tucked in the waistband of his trousers, and at the same time demanded "all of the money." Brown complied with his demand, and she testified that while she was placing the money in a bag, Moore kept his hand on the "black round thing," although he had closed his jacket, concealing the object she had previously seen. She testified that at the time of the robbery she concluded that Moore was armed with a gun. During her ordeal, Brown activated a silent alarm, and in response thereto police officers arrived at the scene and observed Brown and Moore leaving the store together. When Moore saw the officers he fled on foot and the officers pursued him. He was soon captured and a search of his person yielded up a knife with a round handle encased in a scabbard attached to

---

his belt. The knife was introduced into evidence and is a part of the record before us. Our examination of the weapon shows it to be a large knife with a pointed blade [1] measuring one inch in width and 5⁸⁄₁₀ths inches in length. The handle is round, dark brown and green in color, and is 5⁸⁄₁₀ths inches in length with a circumference of approximately 3½ inches.

After Moore secured the money from Brown, he told her he was taking her with him. When she begged him not to take her, he told her he would "shoot" her if she refused to go. Moore never withdrew the weapon from its scabbard during the episode and no bodily injuries were inflicted on Brown by Moore during the commission of the offense.

A "Deadly Weapon" is defined in section 1.07(a)(11) [2] as follows:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or *intended use* is capable of causing death or serious bodily injury. (Emphasis ours.)

The court's charge in this case defined "Deadly Weapon" to mean "anything that in the manner of its use or *intended use* is capable of causing death or serious bodily injury." (Emphasis ours.) Further, in the paragraph of the charge applying the law of aggravated robbery to the facts of this case, the court charged, in part, "that the defendant, did then and there use or exhibit a deadly weapon ... to wit a knife, which was then and there capable of causing death or serious bodily injury in the manner of its use or *intended use, ....*" (Emphasis ours.)

Moore's point of error reads, "The evidence was insufficient ... to prove the offense was committed with a deadly weapon." However, in his argument under the point, Moore states the following:

The State tried to prove that appellant used and exhibited a deadly weapon, a knife. Appellant does not contend whether or not the knife in question could have caused death or serious bodily injury, only that a deadly weapon, the knife, was never used or exhibited.

In support of this argument, he cites us to *Harris v. State,* 562 S.W.2d 463 (Tex.Cr. App.1978). Moore misreads *Harris.* In that case the issue was whether a pocket knife in the " 'manner of its use or intended use' ... was a deadly weapon." *Harris,* 562 S.W.2d at 466. Eyewitness testimony in the case showed that Harris made a "slashing move" toward his victim who sustained cuts on his neck, elbow and stomach. In *Harris,* the victim testified that he did not actually see the knife. While the *Harris* court noted that "the injured party never saw the knife," the reversal in the case did not result from the court's conclusion that Harris did not use or exhibit the pocket knife, but resulted rather from the court's conclusion, after its review of the evidence, that because the wounds inflicted on the victim in *Harris* were not serious, the evidence was "insufficient to show that the pocket knife *was capable* of causing death or serious bodily injury." (Emphasis ours.) In other words, the *Harris* court proceeded to its conclusion on the premise that the pocket knife *was used,* but was not a deadly weapon because of the minor nature of the victim's injuries. *Harris* provides no support for Moore's claim here.

In this case the evidence conclusively shows that Moore exhibited only the handle of the knife and that Brown mistakenly, but reasonably,[3] concluded that the weapon possessed by Moore was a pistol. On these facts, Moore argues that since Brown could not identify the "thing" on Moore's person as a *knife,* and because he never exposed the *entire* knife to her

---

1. With cutting edge on bottom, and saw edge on top.

2. All references to sections are to the Texas Penal Code (Vernon 1974) unless otherwise indicated.

3. Given the circumstances, the shape, color, and location of the knife handle.

view,[4] he did not exhibit a deadly weapon while committing the robbery. He also argues the fact that he never pulled the knife out of its scabbard demonstrates that he didn't intend to use the knife. The latter argument, of course, ignores the evidence that Brown complied immediately with Moore's demand for the money. Moore's conduct and words, under the circumstances, provides sufficient evidence to support a finding that Moore intended to stab Brown with the knife if she refused to comply with his demand for the cash. Robbery becomes aggravated robbery under section 29.03(a)(2) when the actor "uses or *exhibits* a deadly weapon." (Emphasis added.) Under the court's charge the jury impliedly found the knife to be a deadly weapon. Because of its size and shape, reasonably intelligent jurors are competent without expert testimony to determine whether the weapon, if used by Moore to stab or cut Brown, was capable of causing Brown's death or inflicting serious bodily injury upon her. However, Sergeant Mike Hyko of the Longview Police Department testifying as an expert, stated that the knife was capable of causing death or serious bodily injury.

We conclude that the evidence is sufficient to support the jury's finding that the knife "in the manner ... of its intended use" was a deadly weapon.

In our view the fact that Brown was unable to identify the weapon exhibited as either a knife or pistol is of no consequence. The aggravating factor set forth in section 29.03(a)(2) raises robbery to aggravated robbery because the *actor chooses to use or exhibit a deadly weapon,* thereby indicating that he is willing to use an instrument capable of inflicting serious bodily injury or death on a victim who opposes his will and acts of theft. Hence, Brown's inability at the time of the offense to identify the weapon exhibited by Moore as a knife is totally irrelevant.

Viewing all the evidence in a light most favorable to the prosecution, we conclude that reasonable jurors could have found each essential element of aggravated robbery to have been established beyond a reasonable doubt.

The point of error is overruled, and the judgment is affirmed.

---

**4.** Thus enabling Brown to identify the object as a knife rather than a gun.